UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

HEATH HUFFMAN,

        Plaintiff,

v.                              Civil Action No. 2:14-cv-15598

PATRIOT COAL CORP., a Missouri Corporation
licensed to do business in, and
doing business in West Virginia, and
WINCHESTER LLC, a West Virginia Corporation, and
REMINGTON, LLC, a West Virginia Corporation, and
CLYDE MCCOMAS and
MARK E. GEORGE, in their individual capacity,

        Defendants.


MEMORANDUM OPINION AND ORDER


        Pending is a motion to remand filed by plaintiff Heath
Huffman on May 8, 2014.  ECF 7.


I.    Background

        This action arose after plaintiff's employer, Patriot
Coal Corporation, terminated plaintiff's employment on or about
January 17, 2014.  Plaintiff filed suit in the Circuit Court of
Kanawha County alleging claims against five defendants: Patriot
Coal Corp.; Remington, LLC; Winchester LLC; Clyde McComas, and
Mark E. George ("defendants").

        Plaintiff alleges eight counts in his complaint: (1)
Disability Discrimination (Count I); (2) Unlawful Disability

Discrimination in Violation of West Virginia Common Law (Count II); (3) Unlawful Retaliation (Count III); (4) Unlawful Disability Discrimination under the West Virginia Human Rights Act (Count IV); (5) Wrongful Termination in Violation of West Virginia Public Policy (Count V); (6) Unlawful Retaliation and Wrongful Discharge in Violation of West Virginia Common Law (Count VI); (7) Punitive Damages (Count VII); and (8) Workers' Compensation Discrimination and Wrongful Discharge (Count VIII). Compl. ECF 1-1 at ¶¶ 52-123.

Defendant Patriot Coal Corp. filed a notice of removal, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331. ECF 1-1. It argues that plaintiff raises federal questions in the complaint by asserting claims pursuant to the Family and Medical Leave Act of 1993, Pub. L. 103-3, Feb. 5, 1991, 107 Stat. 6 ("FMLA"), and the Americans with Disabilities Act of 1990, Pub. L. 101-336, July 26, 1990, 104 Stat. 327 ("ADA"). ECF 1 at ¶¶ 4-6.

It appears defendants Winchester, LLC; Clyde McComas; and Mark E. George have not been served with process. These three defendants filed a motion to dismiss on September 24, 2014, (ECF 25), citing plaintiff's failure to serve them with process within the required timeframe. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the

complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")

On May 20, 2015, notice was provided of the filing in bankruptcy of Patriot Coal Corporation.  ECF 34.  The automatic stay imposed under 11 U.S.C. § 326 was modified to permit certain claimants, including plaintiff, to pursue their claims and proceed to a final judgment or settlement of their claims and attempt to recover any liquidated final judgment or settlement on those claims under available insurance coverage, notice of which was filed with the District Clerk on August 25, 2015.  ECF 35 at ¶ 4.  Plaintiff did not further pursue this matter, and the court, on May 10, 2023, entered a rule to show cause order instructing the parties to show why the case should not be dismissed for failure to prosecute.  ECF 36.  Defendant Patriot Coal Corp. responded in support of dismissal.  Plaintiff responded in opposition of dismissal on the basis that it has been waiting for the court to rule on plaintiff's Motion to Remand the matter to the Circuit Court of Kanawha County, as it remains plaintiff's position that this court lacks subject matter jurisdiction of this case.

Plaintiff argues in his memorandum of law supporting his motion to remand that, "[n]o federal causes of action are alleged in plaintiff's complaint," and he is pursuing all claims under "violations of state statutes pertaining to disability discrimination under the West Virginia Human Rights Act, Workers['] Compensation Discrimination, and . . . under West Virginia Common Law."  ECF 8 at 3-4.

Defendants, on the other hand, argue that "[i]t is clear . . . that Plaintiff's complaint arises under federal law," and that the court must, at the very least, determine whether defendants violated the FMLA and ADA.  ECF 11 at 4-10. Defendants emphasize paragraphs thirty-one through forty-nine of the "Facts" section of plaintiff's complaint which, they argue, "clearly allege that Defendants violated the FMLA."  Id. at 10. Defendants also contend that "it is apparent that plaintiff has attempted to draft the Complaint with the purpose of denying Defendants access to federal court" so the court should apply the artful pleading doctrine to find it has federal question jurisdiction.  Id. at 11-14.

Defendants further posit that plaintiff's Count VIII workers' compensation claim does not arise under the workers' compensation laws of West Virginia, West Virginia Code § 23-1-1 et. seq. (2024), so the claim is removable.  See 28 U.S.C. §

1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.")  Alternatively, if the court deems plaintiff's workers compensation claim non-removable under § 1445(c), then defendants ask the court to sever and remand plaintiff's workers' compensation discrimination and wrongful discharge claim and exercise jurisdiction over the remaining claims under 28 U.S.C. § 1441(c).[1]  ECF 11 at 14.

---

[1]  28 U.S.C. § 1441(c) provides:

    (1)    If a civil action includes—

        (A)   a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

        (B)   a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

           the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

    (2)    Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

Plaintiff argues in his reply, filed May 23, 2014, that his complaint does not raise any claim based on federal law or which requires substantial interpretation of federal law. ECF 13 at 6-8. Regarding his workers' compensation claim, and without providing support for his position beyond reference to § 1445(c), plaintiff argues that § 1445(c) requires the court to remand the entire action.

## II.   Governing Standard

Federal jurisdiction over actions removed from state court is governed by 28 U.S.C. § 1441. The statute provides, in relevant part,

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). One source of original jurisdiction is 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States." Though the United States Supreme Court has not disseminated a test to determine § 1331 jurisdiction, "[i]n cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151

(4th Cir.1994) (citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 808, 809 (1986)).

An action could have been brought originally in federal court when it raises "an important issue of federal law that sensibly belongs in federal court." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 315 (2005). The party seeking removal bears the burden of establishing that federal subject matter jurisdiction exists, and that removal is proper. Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014).

If federal law creates the cause of action, then the United States courts unquestionably have federal subject matter jurisdiction. Merrell Dow, 478 U.S. at 808. In contrast, if state law creates the cause of action, then the question is whether the plaintiff's demand "necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 28 (1983); see Merrell Dow, 478 U.S. at 809; see also Mulcahey, 29 F.3d at 151.

The plaintiff is the "master of [his] complaint", and he may avoid federal jurisdiction by relying exclusively on state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If a federal district court determines that it lacks

7

subject matter jurisdiction over a civil action that has been
removed from state court, it must remand the case.  28 U.S.C. §
1447(c).  Any doubt about the propriety of removal must be
resolved in favor of remand.  <u>Mulcahey</u>, 29 F.3d at 151.

Finally, "[a] district court may exercise supplemental
jurisdiction 'over all other claims that are so related to
claims in the action within [its] original jurisdiction that
they form part of the same case or controversy.'  28 U.S.C. §
1367(a)."  <u>Henderson v. Harmon</u>, 102 F.4th 242 (4th Cir. 2024).

### III.   Analysis

Defendants removed this action on the basis that
plaintiff alleged multiple federal causes of action under the
FMLA.[2]  ECF 11 at 4-10.  Specifically, defendants argue that

---

[2]  Defendants also assert that plaintiff alleged violations under
the ADA in his allegation that "[i]t is the public policy of the
state of West Virginia that no employer covered under the ADA
shall discriminate against a qualified individual on the basis
of disability in regard to the discharge of employees and other
terms, conditions, and privileges of employment."  Compl. ECF 1-
1 at ¶ 94.  This mention alone would not establish a federal
question.  <u>See Burgess v. Charlottesville Sav. and Loan Ass'n</u>,
477 F.2d 40, 43 (4th Cir. 1973) (stating in order to establish a
federal question "arising under" federal law, the allegations in
the complaint must "affirmatively and distinctly" establish the
federal grounds.).  Because plaintiff's allegation mentioning
the ADA sounds in state law, the court concludes that federal
law does not create the cause of action.  The discussion herein
is thus limited to analysis of whether plaintiff alleged FMLA
claims.

plaintiff alleges unlawful retaliation claims under the FMLA by alleging in Count III, among other places, that defendants disciplined and terminated plaintiff in retaliation for invoking his FMLA rights.  ECF 11 at 2.

Defendants' notice of removal also asks the court to exercise supplemental jurisdiction over the remaining state law claims, including alleged violations of the West Virginia Workers' Compensation Act.  Alternatively, defendants ask the court to sever the workers' compensation and wrongful discharge claim and exercise jurisdiction over the remaining claims under 28 U.S.C. § 1441(c).  ECF 11 at 14.

### A.    Plaintiff does not allege a federal question in his complaint.

The court first considers whether plaintiff's complaint presents a cause of action based on federal law, on its face.[3]  Defendants maintain that Count III of plaintiff's

---

[3] Plaintiff amended his complaint on May 8, 2014, (ECF 9) and removed references to the FMLA and ADA.  He urges the court to rely on the amended complaint in its federal question analysis. See ECF 8 at 11-12. Plaintiff's amended complaint has no bearing on whether this court has jurisdiction, as the court must examine the pleadings at the time of the filing of the notice of removal.  See Nolan v. Boeing Co., 919 F.2d 1058, 1063 n. 5 (5th Cir. 1990) ("In removed cases, the existence of federal subject matter jurisdiction is determined at the time of removal."); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) ("In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed.").

complaint "unambiguously" pleads a violation of the FMLA.  <u>See</u>
ECF 11 at 4-10.  Plaintiff denies that he has brought any
federal claims and instead avers his claims are based on
violations of state statutes and state common law.  ECF 8 at 3-
11.

Though he incorporates by reference all prefectory
mention of the FMLA and ADA in all counts of his complaint, and
specifically mentions FMLA in Counts III, IV, V, and VI and
mentions ADA in Count V, plaintiff does not conspicuously plead
any federal causes of action.

In Counts I and II, the plaintiff simply alleges
disability discrimination, retaliation, and wrongful discharge
claims under the West Virginia Human Rights Act and West
Virginia common law.  Compl. ECF 1-1 at ¶¶ 52-65.  Counts VII
(punitive damages) and Count VIII (related workers compensation)
are not in question for this analysis.

In Count III of the complaint, titled "Unlawful
Retaliation," while plaintiff does refer to the FMLA and
defendants' alleged failures to abide by the provisions of the
FMLA, plaintiff's allegations clearly sound in state law because
he clarifies that the failures "constituted a violation of West
Virginia Common Law as a violation of West Virginia Public
Policy."  Compl. ECF 1-1 at ¶ 71.  In Count IV, titled,

"Unlawful Discrimination under the West Virginia Human Rights Act," plaintiff seeks relief pursuant to the West Virginia Human Rights Act and not relief for violations of the FMLA.  Id. at ¶¶ 74-88.  Regarding Count V, titled "Wrongful Termination in Violation of West Virginia Public Policy," defendants claim that plaintiff states causes of action pursuant to the FMLA and ADA. However, plaintiff plainly seeks to recover damages for defendants' violation of West Virginia public policy and is not seeking to impose liability based on violations of federal law. Id. at ¶¶ 89-101.  Finally, Count VI, titled "Unlawful Retaliation and Wrongful Discharge in Violation of West Virginia Common Law," like the forgoing counts, unquestionably seeks to recover damages based on violation of West Virginia common law and not federal law.  Id. at ¶¶ 102-110.

      The allegations in the complaint must "affirmatively and distinctly" establish the federal grounds in order to establish a federal question arising under federal law.  See Burgess v. Charlottesville Sav. and Loan Ass'n, 477 F.2d 40, 43 (4th Cir. 1973).  Mere mention of federal law in a complaint is insufficient to state a cause of action based on federal law. Id.  Moreover, plaintiff has asserted that he is not bringing claims under the FMLA, ADA, or any other provision of federal law.  Along with asserting this position in his briefing in

support of his request to remand, plaintiff states in the
opening paragraph of his complaint that his claims are brought
under "the West Virginia Human Rights Act, W. Va. Code § 5-11-1
et seq., W. Va. Code Section 23-5A-1 and W. Va. Code Section 23-
5A-3(b) and the common law of West Virginia."  Compl. ECF 1-1 at
1.

        Plaintiff's Counts III, IV, V and VI include public
policy claims deemed part of West Virginia common law pursuant
to Harless v. First Nat. Bank in Fairmont, 162 W. Va. 116, 246
S.E.2d 116 (1978).  The Supreme Court of Appeals of West
Virginia has recognized that the FMLA is a source of public
policy that can support a Harless claim:

> [P]roviding equal employment opportunity for employment
> regardless of a disability, or a perceived disability,
> constitutes a substantial public policy of this State.
> Likewise, the FMLA prohibits employers from discrimination
> associated with leave under the FMLA.

Burke v. Wetzel County Commission, 240 W. Va. 709, 728, 815
S.E.2d 520, 539 (2018).

        At the end of the quoted passage above, the court in
Burke cited approvingly to Vandevander v. Verizon Wireless, LLC,
149 F.Supp.3d 724 (S.D. W. Va. 2016), with Burke noting
Vandevander as finding

> that the FMLA provides a substantial public policy
> sufficient to support a common law claim for retaliatory

12

discharge in violation of public policy and holding that
'under West Virginia law, if an individual has suffered
discharge in violation of a substantial public policy of
West Virginia, that individual has a common law retaliatory
discharge claim, even if that individual also has statutory
remedies.'

Id. at 728 n. 72, S.E.2d at 539 n. 72 (citing Vandevander 149

F.Supp.3d. at 731.)

        While the court is unaware of West Virginia authority

specifically holding that the ADA constitutes West Virginia

public policy, the court is confident that the West Virginia

Supreme Court would do so.

        The court will not infer a federal claim that

plaintiff has not alleged.  See generally Caterpillar Inc., 482

U.S. at 392 ("The [well-pleaded complaint rule] makes the

Plaintiff the master of the claim; he or she may avoid federal

jurisdiction by exclusive reliance on state law."); Merrell Dow

Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 809, n. 6 (1986)

("Jurisdiction may not be sustained on a theory that the

plaintiff has not advanced.").

        While plaintiff mentioned the FMLA and ADA in his

complaint, a careful review of plaintiff's causes of action

reveal that he is not seeking vindication of rights afforded to

him by federal law but is instead seeking vindication under

state law theories of recovery.[4]  The court finds that the face
of plaintiff's complaint does not assert causes of action based
on federal law.

> B.    Plaintiff's state law claims do not contain embedded
>        questions of federal law.

To determine if an embedded question of federal law
exists, courts must assess whether the "state-law claim
necessarily raises a stated federal issue, actually disputed and
substantial, which a federal forum may entertain without
disturbing any congressionally approved balance of federal and
state judicial responsibilities." Grable, 545 U.S. at 314; see
also, Gunn v. Minton, 568 U.S. 251, 257 (2013).

Here, defendants argue that if the court determines
that plaintiff asserts a state law claim in Count III, then
federal question jurisdiction still exists because,
"[r]esolution of the allegations in Count III . . . 'necessarily
depends on resolution of a substantial question of federal
law.'"  ECF 11 at 9-10 (internal citation and emphasis omitted).[5]

_____

[4]  Defendants represent that plaintiff uses the term "FMLA" at
least 55 times in his complaint, and the term "ADA" is used in
Count V.  ECF 11 at 3.  Inasmuch as the court has found that
plaintiff's causes of action sound in state law and not federal
law, the mention of federal statutory provisions, no matter how
many times, is of no consequence.

[5]  Defendants make this assertion only regarding Count III and
not in regard to any of plaintiff's other counts.

As the parties seeking removal, defendants carry the burden of proving federal jurisdiction.  See Mayor and City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) ("The party seeking removal bears the burden of showing removal is proper.").  Defendants fail to meet their burden of showing an embedded federal question is present in Count III. While the defendants conclusively assert that resolution of Count III necessarily depends on resolving a substantial federal question, they do not provide any analysis concerning the applicability of Grable, or the four-prong analysis articulated by the Supreme Court in Gunn.

The court finds defendants have failed to meet their burden of showing removal is appropriate based on an embedded federal question in Count III.

C.   The artful pleading doctrine is inapplicable.

Finally, defendants argue that the artful pleading doctrine confers jurisdiction to this court.  ECF 11 at 11-14. The artful pleading doctrine "provides that a plaintiff cannot frustrate a defendant's right to remove by pleading a case without reference to any federal law when the plaintiff's claim is necessarily federal."  14C Wright & Miller, Federal Practice and Procedure, § 3722.1 (Rev. 4th ed.); see also Hays v. Cave, 446 F.3d 712, 713 (7th Cir. 2006) ("As the cases say, the

15

plaintiff cannot abrogate the defendant's right of removal by 'artful pleading.'"). The doctrine is said to "lack[] [a] precise definition and has bred considerable confusion." 14C Wright & Miller, <u>Federal Practice and Procedure</u>, § 3722.1 (Rev. 4th ed.). Nevertheless, the doctrine has been applied in cases where "federal questions are embedded in state-law causes of action." <u>Id.</u>

As the court has already determined, while plaintiff's complaint does mention the FMLA and ADA, plaintiff does not seek vindication of rights provided by and under these federal statutes. Rather, plaintiff invokes only state statutory and common law public policy causes of action. As the master of his complaint, plaintiff is free to decide under what authority to bring his causes of action.

Because plaintiff's causes of action sound in state law, his claims are not "necessarily federal," and the artful pleading doctrine is inapplicable.

IV. Conclusion

Inasmuch as plaintiff's complaint fails to state a cause of action based on federal law, the court has no subject matter jurisdiction over this action and finds remand to be appropriate. Due to this disposition, the court need not

16

consider the parties' arguments regarding plaintiff's Workers' Compensation Discrimination and Wrongful Discharge claim in Count VIII.  Finally, because defendants had a reasonable ground for removal, the court denies plaintiff's request for the award of fees and expenses.

Accordingly, the court ORDERS that plaintiff's motion to remand be, and hereby is, GRANTED except insofar as the motion seeks an award of fees and expenses, which is denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: August 21, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

17